# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **CHRISTOPHER HICKS,** | § |
| Plaintiff. | § |
| v. | § CIVIL ACTION NO. 2:13-CV-00283 |
| **M-I, L.L.C.,** | § |
| Defendant. | § |

## DEFENDANT'S ANSWER

**NOW COMES** M-I, L.L.C. ("M-I"), who submits this Answer in response to the Original Complaint and Demand for Jury Trial ("Complaint") of Plaintiff, Christopher Hicks, stating as follows:

**Answer to Complaint**

1.

Paragraph 1 of Plaintiff's Complaint consists of legal conclusions that M-I is not required to admit or deny. However, out of an abundance of caution, M-I denies Paragraph 1 and any and all underlying allegations.

2.

M-I is without sufficient knowledge to admit or to deny the allegations in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3.

M-I admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

M-I admits that this Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act. The remaining allegations in Paragraph 4 of Plaintiff's Complaint constitute legal conclusions that M-I is not required to admit or deny. However, out of an abundance of caution, M-I denies all remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.

M-I admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.

M-I admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7.

M-I admits that Plaintiff worked overtime hours during one or more weeks of his employment with it, but M-I denies any and all remaining allegations of Paragraph 7 of Plaintiff's Complaint, including the allegation that Plaintiff worked forty (40) overtime hours in any one of such weeks.

8.

M-I denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

M-I denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

M-I incorporates by reference its responses to Paragraphs 1 through 9 in responding to Paragraph 10 of Plaintiff's Complaint.

11.

M-I denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

M-I denies the allegations in Paragraph 12 of Plaintiff's Complaint, including the allegation that compensatory damages are recoverable under the Fair Labor Standards Act.

13.

The allegations in Paragraph 13 of Plaintiff's Complaint contain a legal conclusion that M-I is not required to admit or deny. However, out of an abundance of caution, M-I denies Paragraph 13, any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

14.

The allegations in Paragraph 14 of Plaintiff's Complaint, including Plaintiff's subparagraphs 1-4 under the heading "WHEREFORE, PREMISES CONSIDERED," contain legal conclusions that M-I is not required to admit or deny. However, out of an abundance of caution, M-I denies Paragraph 14, including Plaintiff's subparagraphs 1-4 under the heading "WHEREFORE, PREMISES CONSIDERED," any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

15.

M-I incorporates by reference its responses to Paragraphs 1 through 14 in responding to Paragraph 15 of Plaintiff's Complaint.

16.

M-I denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

M-I denies the allegations in Paragraph 17 of Plaintiff's Complaint, including the allegation that compensatory damages are recoverable under the Fair Labor Standards Act.

18.

The allegations in Paragraph 18 of Plaintiff's Complaint, including Plaintiff's subparagraphs 1-4 under the heading "WHEREFORE, PREMISES CONSIDERED," contain legal conclusions that M-I is not required to admit or deny. However, out of an abundance of caution, M-I denies Paragraph 18, including Plaintiff's subparagraphs 1-4 under the heading "WHEREFORE, PREMISES CONSIDERED," any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

**Answer to Jury Trial Demand**

M-I is not required to admit or deny the allegations in the statement found under the heading "**JURY TRIAL DEMAND**" of Plaintiff's Complaint.

**Affirmative or Other Defenses**

Continuing with their Answer, M-I next asserts the following affirmative or other defenses:

1. Plaintiff has failed to state claims upon which relief can be granted.

2. Some or all of the activities on which Plaintiff bases his alleged entitlement to minimum wages and overtime are not compensable activities under the applicable law, including but not limited to the Portal-to-Portal Act.

3. Plaintiff has suffered no damages; in the alternative, his damages are subject to, or barred by, estoppel, misrepresentation, unjust enrichment, and unclean hands. Further, Plaintiff is entitled to only one satisfaction for any allegedly unlawful action or omission.

4. M-I made reasonable, good-faith efforts to comply with, and not violate, the Fair Labor Standards Act ("FLSA"); any alleged violations of law were not willful; M-I acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA; and any complained-of act or omission was in good-faith conformity with and in reliance on applicable law.

5. Although M-I denies that it has violated any aspect of the FLSA and thus has no liability under that statute, any alleged violation would be subject to the *de minimus* doctrine, which M-I invokes.

6. Plaintiff's claims for relief are barred to the extent that he did not work more than 40 hours in any given workweek and therefore is not entitled to overtime under the FLSA.

7. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

8. Some or all of Plaintiff's claims are barred by the doctrines of comparative fault, justification, ratification, acquiescence, consent, and/or unjust enrichment.

9. Some or all of Plaintiff's claims and alleged amounts due are subject to setoff and recoupment based on previously advanced amounts/overpayments.

10. To the extent Plaintiff seeks payment for gap-time (alleged unpaid time worked below the 40-hour threshold), M-I avers that Plaintiff was paid at least minimum wage for all hours worked and, alternatively, that the FLSA does not provide for a gap-time claim.

11. M-I reserves the right to amend this Answer and to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

WHEREFORE, M-I prays that this Answer be deemed good and sufficient, that judgment be entered in its favor after due proceedings dismissing the Complaint in its entirety and with prejudice, that M-I be awarded all costs of litigation, including reasonable attorney's fees, and that M-I be awarded any other relief to which the Court finds that it is entitled.

Respectfully submitted, this 28th day of October, 2013.

/s/ *Samuel Zurik III*
Samuel Zurik III
Louisiana Bar No. 24716
Texas Bar No. 24044397
T**HE KULLMAN FIRM**
**A Professional Law Corporation**
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 596-4191
Facsimile: (504) 596-4189
sz@kullmanlaw.com

Counsel for Defendant, M-I, L.L.C.

# CERTIFICATE OF SERVICE

I certify that on this 28th day of October, 2013, I filed a copy of the foregoing with the Clerk via the CM/ECF system, which will automatically send an electronic copy to:

> Charles L. Scalise.
> Daniel B. Ross
> Ross Law Group
> 1104 San Antonio Street
> Austin, Texas 78701
> Tel.: (512) 474-7677
> Fax: (512) 474-5306
> charles@rosslawpc.com
> dan@rosslawpc.com
>
> Counsel for Plaintiff, Christopher Hicks

> /s/ *Samuel Zurik III*
> Samuel Zurik III
> Louisiana Bar No. 24716
> Texas Bar No. 24044397
> **THE KULLMAN FIRM**
> **A Professional Law Corporation**
> 1100 Poydras Street, Suite 1600
> New Orleans, Louisiana 70163
> Telephone: (504) 596-4191
> Facsimile: (504) 596-4189
> sz@kullmanlaw.com